## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| LAWRENCE SCOTT,<br>an individual, | ) ) ) | |
| Plaintiff, | ) ) | Case No.:        4:23-cv-4555 |
| v. | ) ) | |
| BELTWAY INVESTMENT INC.,<br>a Texas Corporation, | ) ) | |
| Defendant. | ) ) ) | |
| _____ | ) | |

## COMPLAINT

Plaintiff, LAWRENCE SCOTT, through his undersigned counsel, hereby files this Complaint and sues BELTWAY INVESTMENT INC., a Texas Corporation, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. § 12181 *et seq.*, ("AMERICANS WITH DISABILITIES ACT" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1.      This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, (the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.  This Court has supplemental jurisdiction over the subject matter of all other claims pursuant to 28 U.S.C. §1367(a).

2.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), because the Defendant's Property, which is the subject of this action, is located in Fort Bend County, Texas.

3.      Plaintiff, LAWRENCE SCOTT (hereinafter referred to as "MR. SCOTT" or "Plaintiff"), is a resident of the State of Texas in Fort Bend County.

4.      MR. SCOTT is a qualified individual with a disability under the ADA. In 2002,

MR. SCOTT suffered a severe injury to his neck resulting in trauma to his C5 and C7 vertebrae. MR. SCOTT is paralyzed from the waist down.

5.       Due to his disability, Plaintiff is substantially impaired in several major life activities, such as walking and standing, and requires a wheelchair for mobility.

6.       Defendant, BELTWAY INVESTMENT INC., a Texas Corporation (hereinafter referred to as "Defendant"), is registered to do business in the State of Texas.  Upon information and belief, Defendant is the owner, lessor and/or operator of the real property and improvements which are the subject of this action, to wit: the "Property," generally located at 503-535 FM 2977, Rosenberg, TX 77471.

7.       All events giving rise to this lawsuit occurred in the Southern District of Texas.

## COUNT I
## (VIOLATION OF TITLE III OF THE ADA)

8.       Plaintiff realleges and incorporates into this cause of action each and every allegation contained in the previous paragraphs of this Complaint.

9.       The Property, a shopping plaza, is open to the public and provides goods and services to the public.

10.       Plaintiff has visited the Property multiple times and attempted to utilize the goods and services offered at the Property and plans to return to the Property in the near future.

11.       During his visits, MR. SCOTT experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed in this Complaint. Moreover, but for the inaccessible condition of the Property, Plaintiff would like to visit the Property more often.

12.       Due to the barriers, Plaintiff has been unable to, and continues to be unable to, enjoy

full and equal access to good and services offered at the Property, owned, leased, and/or operated by Defendant.  Additionally, MR. SCOTT continues to desire to visit the Property, but fears that he will again encounter serious difficulty and safety hazards due to the barriers discussed herein which still exist.

13.     Defendant has discriminated, and continues to discriminate, against Plaintiff in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.302 *et seq*. by excluding and/or denying Plaintiff the benefits of the goods and services located on the Property by failing to provide and/or correct the following barriers to access which Plaintiff personally observed, encountered, and which hindered his access:

A.     Plaintiff personally encountered inaccessible parking designated for disabled use at the Property due to missing signage in front of Time Mart Gas Station. This condition made it difficult for Plaintiff to identify the designated disabled parking areas.

B.     Plaintiff personally encountered inaccessible parking at the Property due to ramps protruding into the disabled use parking spaces and their designated access aisles, causing excessive slopes in front of Joe's Oyster Bar & Grill and Time Mart Gas Station.  These conditions made it difficult for Plaintiff to transfer safely from his vehicle into his wheelchair.

C.     Plaintiff personally encountered inaccessible ramps/curb ramps throughout the Property due to excessive long slopes and lack of edge protection.  These conditions made it difficult and unsafe for Plaintiff to maneuver over the ramps, as well as increased his risk of fall.

14.     Upon information and belief, there are other current violations of the ADA and the

ADA Accessibility Guidelines ("ADAAG") at the Property, and only after a full inspection is performed by the Plaintiff or Plaintiff's representatives can all said violations be identified.

15.     To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

16.     Independent of his intent to return as a patron to the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17.     Removal of the barriers to access located on the Property is readily achievable, structurally feasible and easily accomplishable without placing an undue burden on Defendant.

18.     Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19.     The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

A.     That the Court declare that the Property owned, leased, and/or operated by each Defendant is in violation of the ADA;

B.     That the Court enter an Order directing each Defendant to alter its facility to make them accessible to and useable by individuals with disabilities to the

full extent required by Title III of the ADA;

C.   That the Court enter an Order directing each Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow each Defendant to undertake and complete corrective procedures;

D.   That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E.   That this Court award Plaintiff such other additional and proper relief as may be just and equitable.

By:   */s/ Brian T. Ku*
Brian T. Ku
Attorney-in-charge
S.D. TX No. 3424380
Ku & Mussman, P.A.
18501 Pines Boulevard, Suite 209-A
Pembroke Pines, FL 33029
Tel: (305) 891-1322
Fax: (954) 686-3976
Brian@kumussman.com

and

John K. Grubb
Local Counsel
State Bar No. 08553500
John K. Grubb & Associates
2520 Robinhood St., # 500
Houston, Texas 77005
Tel: (713) 702-1808
jgrubb@grubblegal.com

*Attorneys for Plaintiff*

5